O



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JONATHAN VILLAREAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>　　　　　Defendant. | Case No. EDCV 09-1936-MLG<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Jonathan Villareal seeks judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

I.   Background

　　　Plaintiff was born on February 6, 1989. (Administrative Record ("AR") 85.) He completed high school at a special education school and has no previous work history. (AR 17, 86.) Plaintiff filed an

application for SSDI and SSI benefits on February 14, 2007, alleging that he has been disabled since February 9, 2002 as a result of psychiatric problems and anxiety. (AR 87-91.) Plaintiff's application was denied initially on May 24, 2007, and upon reconsideration on September 14, 2007. (AR 9, 26.) On December 1, 2008, an administrative hearing was held before ALJ Joseph D. Schloss, at which Plaintiff, represented by counsel, testified. (AR 14-25.)

On June 30, 2009, ALJ Schloss denied Plaintiff's application for benefits. (AR 9-13.) The ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period at issue. (AR 11.) The ALJ also found that, pursuant to 20 C.F.R. 404.1520(c) and 416.920(c), there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (Id.) The ALJ concluded that Plaintiff had not established that he suffered from a severe impairment as required by 20 C.F.R. 404.1520© and that he was not disabled within the meaning of the Social Security Act. (AR 13.)

On September 18, 2009, the Appeals Council denied review. (AR 1-3.) Plaintiff then timely commenced this action for judicial review. On May 7, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly concluding at step two of the sequential process that Plaintiff did not have a severe medically determinable impairment and (2) failing to properly consider the treating psychologist's opinion. (Joint Stp. at 2.) Plaintiff seeks reversal of the Commissioner's denial of his application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. at 12.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. at 13.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's non-severity finding to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//

---

[1] The Court will only address the non-severity finding in detail. However, as noted above, Plaintiff also contends that the ALJ improperly disregarded the treating psychologist's opinion. Because the ALJ erred by finding Plaintiff's mental impairment non-severe, the Court does not reach this remaining issue and will not decide whether this issue would independently warrant relief.

**III. The ALJ Erred in Determining That Plaintiff Does Not Have a Severe Medically Determinable Impairment**

The Court agrees with Plaintiff that remand is warranted based on the ALJ's erroneous finding that his mental impairment was non-severe, because that decision is not supported by substantial evidence. A claimant for disability benefits has the burden of producing evidence to demonstrate that he or she was disabled within the relevant time period. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). At step two, the Commissioner considers if a claimant has an "impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). This is referred to as the "severity" requirement and does not involve consideration of the claimant's age, education, or work experience. 20 C.F.R. § 404.1520(c); *see* 42 U.S.C. § 1382c(a)(3)(G). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. § 404.1521(a). Step two, then, is "a de minimis screening device [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290; *Bowen v. Yuckert*, 482 U.S. 153-54 (1987).

Here, Plaintiff has offered sufficient evidence to demonstrate that his mental impairment has more than a minimal effect on his ability to perform work-related functions. For example, Plaintiff's treating psychologist, Augusto Britton del Rio, Ph.D., diagnosed Plaintiff in June 2002 with schizoaffective disorder, obsessive compulsive disorder, and mental retardation. (AR 166.) Dr. del Rio also assessed Plaintiff with a Global Assessment of Functioning Score of 40. (AR 144.) Further

treatment notes from February 2002 to December 2003 state that Plaintiff displayed signs of paranoia, depression, withdrawal, fear, and that he was hearing voices. (AR 145-166.) Plaintiff's medical and educational records, although dated five years before the filing date of February 9, 2007, nevertheless indicate a level of impairment that at least meets the "de minimis" requirement at this stage of the inquiry. *Smolen*, 80 F.3d at 1290.

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

Here, the evidence shows an impairment that can be considered "severe" within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing work in the national economy. However, that is not a determination that this Court can make.

Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

DATED: May 13, 2010

                                      **MARC L. GOLDMAN**
                                      Marc L. Goldman
                                      United States Magistrate Judge